UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-CV-20926

TALORA GROSS

       Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI DADE COUNTY, FLORIDA

       Defendant.

_____/

**COMPLAINT FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT AND THE FLORIDA CIVIL RIGHTS ACT OF 1992**

COMES NOW the Plaintiff, TALORA GROSS, by and through her undersigned attorneys, and files her Complaint for relief under the Americans with Disabilities Act and the Florida Civil Rights Act of 1992, against THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and alleges:

**I. *INTRODUCTION***

1. This is an action for violation of the Americans with Disabilities Act (hereinafter "the ADA") and the Florida Civil Rights Act of 1992 filed by TALORA GROSS (hereinafter "Gross'), a school teacher, against THE SCHOOL BOARD OF MIAMI- DADE COUNTY, FLORIDA (hereinafter "the School Board"). This action arises from the Defendant's failure to provide Plaintiff with reasonable accommodations and resulting constructive termination, in violation of the ADA.

2. Gross alleges violations of Title I of the Americans With Disabilities Act (ADA), Pub. L. 101-336, 42 U.S.C. §12101, et. *seq.* and the Florida Civil Rights Act of 1992, F.S. §760.01 *et. seq.* She seeks damages, attorney's fees and declaratory relief.

## II. *JURISDICTION AND VENUE*

3.  This action arises under 42 U.S.C. §2000e, *et. seq.*, as amended by the Civil Rights Act of 1964, 42 U.S.C. §1981, and Title I of the ADA, Pub. L. 101336, 42 U.S.C. *§12101, et. seq.* and the Florida Civil Rights Act of 1992, F.S. §760.01 *et. seq.* Jurisdiction is founded on 42 U.S.C. §1988 and 2000e-5 (f) (3) and 28 U.S.C. §1331 and 1343 (3) and (4). The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §2201 and 2202. The Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367. The Court has jurisdiction to award damages pursuant to 42 U.S.C. §1981 (a) and (b).

4.  Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. §2000e-5 (f) (3) and 28 U.S.C. § 1391 (b) because the basis for the federal claim took place within the boundaries of that district.

## III. *CONDITIONS PRECEDENT*

5.  Gross, an adult female, is and was at all times material hereto a resident of Miami-Dade County, Florida, and was employed by the Defendant, the School Board. She is a protected person under the ADA because she has, and was perceived as having, a disability; To wit, Post Traumatic Stress Disorder ("PTSD"), giving rise to Panic Attacks, Major Depression, Irritable Bowel Syndrome and Ocular Migraines.

6.  Gross is a qualified individual with a disability because she could perform, with reasonable accommodation, the essential functions of the job as a language arts teacher under the circumstances.

7. The School Board is the governing body of Miami Dade County Public Schools and is a body corporate under Chapter 230 of the Florida Statutes. It is an employer under U.S.C. §2000e (b) employing more than 500 persons.

8. On or about May 24, 2021, Gross timely filed a charge of discrimination under the ADA (hereinafter "the Charge") with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Florida Commission on Human Relations. The Charge, a copy of which is attached hereto as **Exhibit "A"** and incorporated herein, forms the basis of this lawsuit.

9. The EEOC investigated the Charge and made its determination. On or about January 3, 2022, the U.S. Department of Justice, Civil Rights Division, issued a Notice of Right to Sue letter to Gross on the Charge. The Notice of Right to Sue letter, a copy of which is attached hereto as **Exhibit "B"**, was received by Gross within ninety (90) days of the date this lawsuit was filed. All other necessary administrative conditions precedent to this lawsuit have been met.

## IV. *FACTS*

10. During the period of Gross' employment with Miami-Dade County Schools, the School Board personnel, acting as agents, representatives and employees of the School Board, subjected Gross to illegal discrimination in violation of the ADA and the Florida Civil Rights Act of 1992.

12. Gross, a certified Language Arts Teacher was hired by Miami Dade Public Schools in September 2020 to  teacher English at Miami Beach Senior High School.

13. In 2018 Gross was diagnosed with PTSD, of which the School Board was made aware.

14. By virtue of her PTSD diagnosis, Plaintiff became a disabled person and therefore a member of a protected class of persons within the purview and meaning of the Americans With Disabilities Act of 1990. By correspondence of January 11, 2021 and February 12, 2021 Defendant determined that Gross did have a qualified disability Under the ADA.

15. As a member of such a class of persons the Plaintiff became entitled to any and all reasonable accommodations her disability warranted in order to enable her to retain her job with the Defendant.

16. During the initial stage of the Covid-19 Pandemic, Plaintiff, Gross was fully capable of, and did teach her English classes remotely. However, during the 2020 fall semester she was ordered to return to the physical classroom.

17. Plaintiff, Gross did attempt to return to the physical classroom, however due to safety concerns related to the pandemic, she began to experience severe and debilitating symptoms associated with her PTSD.

18. As such, in November 2020, Gross submitted an application with the School Board for reasonable accommodations under the ADA.  Specifically, Plaintiff requested that she be permitted to continue to teach her classes remotely until the Pandemic subsided to the point where it would no longer cause her to experience debilitating PTSD symptoms.

19. Plaintiff's application was supported by her medical records and opinions from her doctors, including Dr. Jessica Rachbind, who expressly informed the Defendant that Plaintiff's panic attacks, IBS and Ocular Migraines, which were secondary to her PTSD, and which had been exacerbated by what she perceived as "life and death" safety concerns related to the COVID-19 pandemic, rendered Plaintiff unable to both drive to, and to and teach live classes at the physical school location.

20. By letters of January 11, 2021 and February 12, 2021, Defendant determined that Gross did in fact have a qualified disability Under the ADA, but nonetheless denied Plaintiff's request for accommodations.

21. Plaintiff, Gross was subsequently informed that if she did not show up to campus to teach her classes in person, or if she signed in remotely to teach her classes, that her employment would be terminated. As a result of Defendant's failure to accommodate her disability, Plaintiff, Gross was forced to resign her position with Defendant.

22. As the direct, foreseeable, and proximate result of the actions of the Defendant described above, Gross lost, and will continue to lose, wages and benefits, has suffered mental anguish resulting in physical and mental pain and suffering, has been, and continues to be, humiliated, embarrassed and degraded, and has suffered irreparable damage to her teaching career and other damages.

### V. COUNT ONE: CLAIM FOR RELIEF UNDER THE ADA

23. Plaintiff, Gross re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24. The actions of the Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, by and through its agents and employees, were in violation of the Plaintiff's rights under the ADA, 42 U.S.C., §12112, *et. seq.*

25. Plaintiff, Gross has retained the undersigned attorneys to pursue her legal remedies in this matter, and has agreed to pay reasonable attorney's fees for their services.

26. As a direct, foreseeable, and proximate result of the wrongful actions of the School Board, Plaintiff Gross has suffered, and will continue to suffer, monetary losses which

include but are not limited to loss of wages and benefits, emotional distress, suffering, mental anguish, loss of enjoyment of life, attorney's fees and court costs, and other damages.

WHEREFORE, Plaintiff, Gross respectfully demands and prays that this Court provide the following relief:

    A.    A declaratory judgment that the School Board has violated Gross' rights under the ADA;

    B.    Award back pay, prejudgment interest, and fringe benefits;

    C.    Award front pay, benefits, and other compensation for a reasonable period of time;

    D.    Award monetary damages to compensate Gross for the emotional distress, mental anguish, damage to her career, lost income, pain and suffering, damage to her reputation and other damages suffered by her as a result of the actions of the Defendant;

    E.    Award the Plaintiff her reasonable attorney's fees and court costs; and

    F.    Order such other relief as is appropriate and just.

### VII. COUNT TWO: CLAIM FOR RELIEF UNDER THE FLORIDA CIVIL RIGHTS ACT OF 1992

27.    Plaintiff, Gross re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

28.    The actions of the Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, by and through its agents and employees, were in violation of the Plaintiff's rights under the Florida Civil Rights Act of 1992, F.S. §760.01 *et. seq.*

29.    Plaintiff, Gross has exhausted her administrative remedies.

30.    Gross filed her complaint with the EEOC and the FCHR. Exhibit "A".

31. The School Board has willfully, maliciously and intentionally discriminated against Gross because of her disability, and done so in flagrant disregard of Plaintiff, Gross' rights.

32. Plaintiff, Gross has retained the undersigned attorneys to pursue her legal remedies in this matter, and has agreed to pay reasonable attorney's fees for their services.

33. As the direct, foreseeable, and proximate result of the actions of the Defendant described above, Gross lost, and will continue to lose, wages and benefits, has suffered mental anguish resulting in physical and mental pain and suffering, has been, and continues to be, humiliated, embarrassed and degraded, and has suffered irreparable damage to her teaching career and other damages.

WHEREFORE, Plaintiff, Gross respectfully demands and prays that this Court provide the following relief:

A. A declaratory judgment that the School Board has violated Gross' rights under the Florida Civil Rights Act of 1992, F.S. §760.01 *et. seq*;

B. Award back pay, prejudgment interest, and fringe benefits;

C. Award front pay, benefits, and other compensation for a reasonable period of time;

D. Award monetary damages to compensate Gross for the emotional distress, mental anguish, damage to her career, lost income, pain and suffering, damage to her reputation and other damages suffered by her as a result of the actions of the Defendant;

E. Award the Plaintiff her reasonable attorney's fees and court costs; and

F. Order such other relief as is appropriate and just.

## *DEMAND FOR JURY TRIAL*

Plaintiff hereby demands a trial by jury on Counts One and Count Two on all issues so triable.

Dated this 28th day of March 2022.

                                                       ROUSSO BOUMEL LAW FIRM, PLLC
                                                       9350 South Dixie Highway, Suite1520
                                                       Miami, Florida 33156
                                                       Tel: (305) 670-6669

                           By:      /s/ *Darren J. Rousso*
                                                         DARREN J. ROUSSO, ESQUIRE
                                                         Florida Bar #097410
                                                         E-mail: Darren@roussolawfirm.com
                                                         Secondary Email: Gen@roussolawfirm.com